## JOSEPH NEYER INC v ENGLEBERT

Ohio Appeals, 1st Dist, Hamilton Co
No 3599. Decided March 10, 1930

Westerfield & Denning, Cincinnati, for Neyer.

Heintz & Heintz, Cincinnati, for Englebert.

### HAMILTON, J.

The claimed error is that the judgment is contrary to law, and is against the weight of the evidence. Further error is suggested in that the court abused its discretion in refusing to permit defendant below to re-open the case for further testimony. This point of error is not necessary to consider, in view of our conclusion on the point that the verdict is contrary to law.

The question in the case grows out of the contract between Engelbert and Neyer. The portion of the contract in question is as follows:

"All ceiling work including panels, beams and truss casings to receive two coats of a mixture of boiled linseed oil, burnt umber and raw sienna to be mixed to color approved by architect. Each coat to be wiped."

Engelbert's superintendent submitted to the architect several samples of color, produced on wood of the character of the ceiling of the church. Emphasis must be laid on the language quoted from the contract: "To be mixed to color approved by architect. Each coat to be wiped."

It is testified to and admitted that the mixture put on the ceiling and the panel beams and truss casings was not wiped. There was, therefore, an admitted failure to perform the contract by Engelbert. The defense for this omission is, that the architect waived the requirement that the mixture when put on be wiped.

There is nothing in the record to show that the architect was clothed with the authority to waive this requirement of the contract. But passing that question, there is no evidence that the architect did waive this requirement. The language, which it is claimed waived this requirement by the

architect is in the evidence of Engelbert's superintendent, Meyer. He testified that he made two samples for the architect's approval, and was told by the architect that they were too light. He, thereupon, made a third one and showed it to the architect for his approval, and the architect told him that the grain was too loud; that he made another sample and brushed it, and showed it to the architect, Mr. Adkins, and "He told me, that is the sample he wanted". Meyer further testified that he told Mr. Adkins the sample was not wiped, and "he told me that is the sample he wanted; and we put it on".

This evidence is entirely consistent with the authority of the architect to choose color, which was the only authority the architect had. The architect had refused several colors and when finally presented with the one which met his approval, he stated that was the sample he wanted. Under the provisions of the contract this could mean nothing more than the approval of the sample as to color for the finish. How the contractor should produce that color on the ceiling was within the performance under the contract which included wiping of each coat.

The undisputed evidence is that Engelbert's men put on two coats without wiping, giving the ceiling, etc. the appearance of having been painted. The evidence is undisputed that had the coats been wiped, as provided for in the contract, this effect would not have been produced, but would have been lighter, showing the grain of the wood.

The evidence is that Engelbert, on viewing the work, after the first coat was on, was dissatisfied with it, notwithstanding it was the work of his own men. This is borne out by the testimony of Engelbert himself. He testified that Neyer came to his office and spoke to him about removing the stain, and that he immediately went out on the job to find out whether or not it was practical to put on the second coat. He states he found the finish was dark enough. And he said to his superintendent;

"Absolutely do not put that on until we have an understanding on it and I tried my best to prevent that second coat going on there notwithstanding the specfications called for two coats of stain, because that was not practical." He said he proposed to put on a coat of linseed oil, and said the effect of linseed oil would be to make it a little darker, but not as dark as the stain.

On cross-examination, Mr. Engelbert testified as follows:

"By Mr. Denning:

Q. But if you put on the first coat and wipe it off, it would show more grain of the wood, would it not?

A. Yes, sir.

Q. And if you put on a second coat and wipe it off, it would be a whole lot lighter, would it not?

A. Absolutely."

He was asked if he had looked at the painting specifications recently, and he said "No". He was then asked if the specifications with reference to the ceiling did not require that each coat be wiped. His answer was "Yes. x x x I don't recall it but we admit it was not wiped."

Engelbert further testified that upon demand of the architect he had his men clean off the girders, and then the architect demanded that they clean off the entire ceiling, and that he refused.

Enough has been said to show that under the undisputed evidence Engelbert failed to comply with his contract, and breached the same; that Neyer, the principal contractor, was required to, and did do the work over, furnishing the labor and material, which should have been furnished by Engelbert, at a cost of $583.15. This cost to Neyer is not disputed, and is the measure of his damage by reason of Engelbert's breach of his contract.

Our conclusion is that the court below erred in dismissing Neyer's cross-petition, and in entering judgment in favor of the plaintiff Engelbert. That judgment will be reversed.

Coming now to render the judgment that the court below ought to have rendered, we find and decree on the petition in favor of the defendants, and dismiss the plaintiff's petition. On the cross-petition of Joseph Neyer and Joseph Neyer, Inc., we find the undisputed amount of Neyer's damage by reason of Engelbert's breach to be $583.15, with interest at 6% from January 20, 1928, and award judgment for that amount in favor of Joseph Neyer, Inc., together with its costs against the plaintiff, Joseph D. Engelbert.

And it appearing that the sum of $619.70 is in the hands of the Clerk of this Court, it is ordered that the Clerk pay to plaintiff in error, Joseph Neyer, Inc., said sum of $583.15, with interest from January 20, 1928, and that execution may issue against the plaintiff, defendant in error, Joseph D.

Engelbert for the costs in this case.

This cause will be remanded to the court of common pleas for execution upon this judgment.

Cushing, PJ, and Ross, J, concur.